IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER MILLER, | Case No. 3:18-cv-00562-SB |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | |
| STEVE WATSON, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Tyler Miller ("Miller") filed this action against defendant Steve Watson ("Watson"), asserting whistleblower retaliation. Pursuant to the Court's informal discovery dispute resolution procedures, Miller now seeks to compel a further response to the subpoenas he served on non-parties Bullard Law, P.C. and the Columbia 9-1-1 Communications District (the "District") (together, the "Movants"). The Court held a telephonic hearing on February 16, 2023.

Among other materials, Miller's subpoenas required the Movants to produce "the parts of transcript and video of the deposition of Steve Watson [("Watson")] taken in the Karthauser Case [*Karthauser v. Columbia 9-1-1 Communications District*, No. 3:20-cv-00127-SI] that concern the Reports or the Investigations," as the subpoena defined those terms. The Movants

PAGE 1 – DISCOVERY ORDER

refuse to produce the subpoenaed deposition materials, on the ground that the materials are subject to a stipulated protective order in the *Karthauser* case, and because the parties (plaintiff Diana Karthauser and defendant District) agreed at the beginning of the Watson deposition not to share the deposition transcript with Miller for use in this litigation.

The *Karthauser* stipulated protective order provides that "[u]se of any information or documents labeled 'Confidential' and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose." (*Karthauser* Stipulated Protective Order ¶ 2, ECF No. 10.) However, the *Karthauser* stipulated protective order does not prohibit a party's disclosure of confidential materials pursuant to a court order. Further, when the Court denied the Movants' motion to quash the subpoenas at issue here, the Court noted that "the protective order in the *Karthauser* litigation does not prohibit the Movants from producing the same discovery to Miller in this litigation." (Discovery Order at 4, ECF No. 166.)

There are no pending objections to the production of the relevant portions of the Watson deposition transcript, aside from the Movants' objection that the *Karthauser* stipulated protective order prohibits its voluntary disclosure. In light of the *Karthauser* stipulated protective order prohibiting only the voluntary disclosure of confidential material, and based on the Court's finding that the subpoenaed materials at issue are relevant and proportional to the needs of this litigation, the Court **ORDERS** the Movants to produce forthwith to Miller the parts of the transcript and video of the Watson deposition from the *Karthauser* case that concern the Reports or the Investigations, as those terms are defined in Miller's subpoenas.

///

///

The Movants' production of these materials shall be subject to the terms of the stipulated protective order in this litigation (*see* ECF No. 73).

**IT IS SO ORDERED.**

DATED this 16th day of February, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge